IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3007 |
| vs. | ORDER |
| LEDON M. HATCLIFF, | |
| Defendant. | |

  This matter is before the Court on the defendant's motion for leave to appeal in forma pauperis (filing 96) and motion for a certificate of appealability (filing 94). Both motions will be denied.

  In a proceeding under 28 U.S.C. § 2255 before a district judge, a "final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253; *see Oksanen v. United States*, 362 F.2d 74, 77 (8th Cir. 1966). This is consistent with the Court of Appeals' jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

  But the order from which the defendant seeks to appeal (filing 91) was not a final order. A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Gray v. Swenson*, 430 F.2d 9, 11 (8th Cir. 1970). "[T]he rule as to finality requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." *Andrews v. United States*, 373 U.S. 334, 340 (1963). In this case, so far, the Court's orders have found that some of the defendant's arguments lack merit, while others require an evidentiary hearing. *See* filing 91. But the defendant's motion asks the Court "to vacate, set aside or correct" his sentence, *see* § 2255(a), and at this point, such relief has been neither granted nor denied.[1]

  Because of that, "[t]he basic reason for the rule against piecemeal interlocutory appeals in the federal system is particularly apparent": until

---

[1] It is convenient in progressing a § 2255 case—particularly one such as this, with a number of different allegations—to refer to a movant's different "claims" for § 2255 relief. But as a technical matter, there can really be only one "claim," because there is only one sentence to vacate, set aside, or correct. Describing a theory of § 2255 recovery as a separate "claim" does not make a ruling on it separately appealable.

the defendant's request for relief is fully resolved, "it is impossible to know whether" either party "will be able to show any colorable claim of prejudicial error." *Andrews*, 373 U.S. at 340. Until the Court actually rules on the defendant's motion, "none of the parties to this controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings." *Andrews*, 373 U.S. at 340. In short, the order from which the defendant seeks to appeal is interlocutory, and no appeal will lie.

A litigant seeking to appeal a judgment must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). But § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675.

An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964). The Court makes such a finding here.

Similarly, a certificate of appealability is to be issued or denied by the Court "when it enters a *final* order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (emphasis supplied); *see* § 2253(c)(1)(B); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). The defendant's request for a certificate of appealability will be denied because it is premature. If the defendant ultimately was prejudiced by any of the Court's rulings in the case to this point, the defendant may seek to pursue his appellate remedies upon entry of a final judgment. *See Oksanen*, 362 F.2d at 77.

The defendant's motion for a certificate of appealability (filing 94) also asks the Court to revisit some of the rulings made in the Court's November 7, 2016 Memorandum and Order. First, the defendant asks the Court to reconsider its dismissal of his fourth claim, relating to trial counsel's investigation of the defendant's prior offenses. Filing 95 at 1-2. The Court previously found that the defendant's second and fourth claims were coextensive. Filing 91 at 7-8. The Court sees no reason to revisit that conclusion, but to make sure the record is clear: the Court views the

defendant's second claim, on which an evidentiary hearing is to be held, as encompassing the defendant's claims that his trial counsel failed to "*investigate* his predicate offenses; *find* that they should not have been counted separately; and *object* to separate counting." See filing 95 at 2.

The other ruling that the defendant wants to revisit is the Court's finding that the defendant's challenge to the conditions of his supervised release is barred by his waiver of collateral attack. *See* filing 91 at 8-9. The defendant now characterizes that argument as implying an ineffective assistance of counsel claim, and he asks for leave to amend his motion to articulate that theory. Filing 95 at 2-4.

The problem is that, in addition to being barred by the defendant's waiver of collateral attack, the defendant's argument is also time-barred. There remains a substantial question in this case whether *any* of the defendant's claims were timely filed. *See*, filing 91 at 3-4; filing 71 at 4. But even under the defendant's theory of equitable tolling, the 1-year statute of limitations ran in November 2014. *See* filing 71 at 4. The defendant's challenge to the conditions of his supervised release was not asserted until June 2015. Filing 74 at 10-12. And that new claim was not similar to his previous claims, nor did it arise out of the same set of operative facts, so it does not relate back to his original motion for statute of limitation purposes. *See United States v. Hernandez*, 436 F.3d 851, 857-58 (8th Cir. 2006); *see also Mayle v. Felix*, 545 U.S. 644, 656-64 (2005).

Accordingly, the Court sees no basis for an evidentiary hearing on the defendant's claim with respect to the conditions of his supervised release, and any amendment of his motion in that respect would be futile.

IT IS ORDERED:

1. The defendant's motion for leave to appeal in forma pauperis (filing 96) is denied.

2. The defendant's motion for a certificate of appealability (filing 94) is denied.

Dated this 12th day of January, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge